## WARREN DOYLE V. THE STATE.

No. 20619. Delivered November 29, 1939.

The opinion states the case.

*W. J. Baldwin*, of Beaumont, and *R. H. Jernigan*, of Port Arthur, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary; the punishment assessed is confinement in the State Penitentiary for a term of seven years.

The State's testimony, briefly stated, shows that on the night of January 19, 1939, some person or persons, by the use of force, entered the building of the Jasper Wholesale Grocery Company located in the town of Jasper and took therefrom a quantity of cigarettes, cigars, snuff and chewing gum of the approximate value of $850. R. J. Fairly testified that he, Willie Doyle, Dan Doss and the appellant went to Jasper on the night in question, broke into the building in question after midnight, and took therefrom some tobacco, cigars, cigarettes, snuff and chewing gum. They placed it in a Dodge automobile and took it to Orange where Fairly got out and telephoned Levy Johnson at Port Arthur to come to Cruger's Fishing Camp near Deweyville. When all the parties had arrived at the designated place, the loot, or a part of it, was loaded into Johnson's car and Fairly and Johnson carried it to Port Arthur where a part of it was sold to Plettman, and the remainder was carried to Johnson's garage for safekeeping. A short time later Fairly and

Johnson were arrested. The officers took Johnson with them to a point near where Doss, Willie Doyle and the appellant had parked their car in the woods. They found Dan Doss and Willie Doyle sitting near the car, which contained some of the loot, burglary tools, dynamite caps and nitroglycerine. Dan and Willie were immediately arrested. About thirty minutes later, they saw appellant coming out of the woods. They called on him to stop, but he fled into the woods and made good his escape. He was arrested a few days later. Johnson's testimony was substantially the same as Fairly's. The merchandise was identified by a stamp "Jasper Wholesale Company," on the containers. Appellant did not testify or offer any affirmative defense. At the conclusion of the testimony he moved for an instructed verdict on the ground that Fairly and Johnson were accomplices and their testimony as to his connection with the burglary was not sufficiently corroborated. The motion was denied to which appellant timely excepted. We see no error in the court's ruling in this respect. While the corroborating evidence is meagre, yet appellant was seen in the immediate vicinity where the loot was secreted. When he saw the officers, he immediately fled. In his flight he dropped a seat cover in every respect similar to the cover on the rear seat of the car which contained the stolen merchandise. An inspection of the car disclosed that the front seat cover had been removed. In the absence of any explanation of how and when he came to be there, why he fled, and why he possessed the seat cover from the car containing the stolen goods, we think the circumstances are sufficient to support the jury's conclusion of his guilt, and that the corroborating proof is sufficient. In none of the cases cited by appellant are the facts corroborating the accomplices as strong as those reflected by this record.

Appellant addressed a number of objections to the court's charge. His main objection is addressed to the court's instruction on the law of accomplice testimony, because it merely stated the law relative to accomplices and the necessity of corroboration of their testimony, but did not attempt to apply the law to the particular facts of the case. His objection also stated that the court failed to instruct the jury that they must first believe the testimony of these accomplices to be true; that the manner in which the same was phrased assumed and practically instructed the jury that their testimony was true. An examination of the charge reveals that the objections thereto were well taken. While the court did instruct the jury that Fairly and Johnson were accomplices, he failed to go further and apply the law to the facts. This was error under the circumstances. The charge should

have made a clear application of the law to the facts in the case. See Polk v. State, 60 Tex. Crim. Rep., 150; 131 S. W. 580 and authorities cited. See also Branch's Ann. P. C., p. 364 and the authorities cited, which state the rule that a charge on accomplice testimony is error if it fails to require the jury to find the testimony of the accomplice is true. See Sec. 709 Branch's Ann. P. C. for a proper charge in this respect.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.